Thank you, Your Honor. May it please the court, Brian Free on behalf of Caroline Harris, the trustee of the Edith Heinemann Harris Trust. I'm afraid I'm still seeing counsel from the other argument faces on the screen and not counsel from this argument. Oh, hold up. I can see Mr. Free and Mr. Wisen, but if you cannot, we need to get that repaired. Yeah, I can see them. You had frozen up for a minute, Judge Friedman, but you're now un-frozen. Okay, now I see counsel in this case. I'm sorry to have interrupted. Not at all. Please, any one of you, if there's any problems, sing out immediately so we can get it remedied. The IT guys are doing remarkable work, and we've been doing this now for over a year with great success. But if there's ever a glitch, I want to know immediately so we can make sure we don't miss a single word. Go right ahead, counsel. Feel free to start over if you want. Again, for Judge Friedman's benefit, Brian Free on behalf of Caroline Harris as trustee of the Edith Heinemann Harris Trust. I'd like to reserve three minutes for a moment. Your Honor, this case involves fundamental issues of the oppressed. I want to start with two things. So I'm sorry to interrupt, Counselor Judge Kristen. I'm having significant trouble hearing Mr. Free. I don't know whether you are or not. I don't know if it's the distance between Mr. Free and his microphone or something on my end. I'm having difficulty too. Mr. Free, you're sort of fading in and out. Sometimes I can hear you. Are you stepping forward and backward vis-à-vis a microphone? I'll move closer. Do you see that? Is this better? Yes, but you're going to have to keep your voice up. This is not easy. Okay. Okay. Please let me know if you cannot hear. This case involves fundamental issues of the oppressed. I'd like to begin with two basic legal principles, both of which were worked by the Mundell Trust or the New York Action. The first is that the law distinguishes between legal entities. An LLC is not the same as a member. A corporation is not the same as a federal. And a husband is not the same as a wife, especially when she is acting as a trustee of a trust. The second legal principle is that to be bound, one must be part of a judicial proceeding. How is one brought into a judicial proceeding? One is named as a party and served as a party with the summons and actions. Counsel, I have now decided that the problem is you're dropping your voice. You've got to keep your voice up, please. Okay. I will do so. Here, all of the legal requirements that I've listed, the distinguishing between legal entities, and the naming and serving of parties were ignored in the New York Action by the Mundell Trust. Now, the Mundells would seek to sweep aside these as mere technicalities. They argue, well, it's just the Harris family. It's the Harris family writ large, so it's good enough. But these are not mere technicalities. These are fundamental due process. And the question in this case is who bears the error? Who bears the cost of the error that was made? Because an error was made. In the New York Action, the Heinemann Trust was never named as a party. The Heinemann Trust was never served as a party. It's also undisputed that the Heinemann Trust has never been paid on the acrobatic net. Never what? It's been paid. But, Counsel, you don't dispute that when the arbitrator said that the Heinemann Trust has put forth funds with an expectation of repayment and such outstanding balances shall be respected, you don't dispute that the arbitrator specifically gave credit without interest for the principal value of the notes $277,884.34, right? I don't dispute that credit was given. The question is to whom? To whom was credit? And this gets at the heart of the issue. Because the Heinemann Trust was not a party. And it is insufficient to say the Harris family received credit. Because the Harris family is not a legal entity. It's insufficient to say we have named Kenneth E. Harris and therefore we can bind the Heinemann Trust. Well, it's not quite that though, right? It's not quite that. It seems to me the district court here was very concerned with this litigation that had been pending for how many years in New York? A number. Quite a number. More than a decade if I recall correctly, right? And so there was Timothy, but then there was Lawrence. And Lawrence very helpfully volunteered these promissory notes, correct? Oops. Wait. Did we lose Judge Friedman? Yes. Stop the clock, please. And Sam, we have lost Judge Friedman. Hi, Judge. I'm going to give them a call. They should be reconnecting shortly, but I'll make sure. Thanks very much. We'll wait. All right. I'm afraid I was gone for about five minutes. We stopped the clock right away. We haven't. I don't think you missed much at all, maybe a sentence or two. Did you hear me ask a question about, I think I interrupted counsel, to say that the issue was not just that there was Timothy, but his brother Lawrence volunteered these promissory notes. And I want to, before I give you, could you please start the clock again? Madam Clerk? Thank you. I want to be clear to say that I wasn't trying to be flip. It struck me in context that he was trying to be helpful. This is a long-going family feud. The idea was to get it resolved. The promissory notes were brought forward, and now it strikes me as I have a lot of sympathy for the district court in viewing this as a technicality, and I don't fault you for raising the argument, certainly regarding privity counsel. But it seems to me that there was an attempt to get this resolved and to try to settle it, and now here we are. So it wasn't just, I don't think, that Timothy was the only one involved in the litigation. Is that a fair characterization? It is correct that Lawrence Harris had some role in front of the account. But that's not the legal standard. Of course, the legal standard is set for Taylor. And Taylor starts with the principle that in order for a party to be bound, in order for an entity to be bound, it must be a party, unless they are very narrow. Although, counsel, I mean, it may not really make any difference in this case, but Taylor specifically says, Taylor, I mean, the Supreme Court specifically says in Taylor, and by the way, this doesn't apply in diversity cases, right? I don't know that the FRCA doesn't apply in diversity cases. I think that it is correct that that was a federal question, but it does articulate a long line of cases about what is the constitutional limit. I'm not sure that there's much of a difference between Taylor and New York law. But in terms of your comments about what was going on and what wasn't, you would agree that factually, what actually went on that a trier of fact in this action could find that it was an accord in satisfaction, correct? Theoretically, factually? I'm not sure I do agree with that. So if, for example, your client were deposed and she were to say, yeah, I knew everything was going on. I knew this was submitted to the arbitrator, me and my family members. All we really wanted to do was get credit for these notes, especially since people were challenging whether the notes were valid. So, yeah, I mean, we were pretty happy that we got credit for it. I mean, if that were theoretically the testimony, that could form the basis for accord and satisfaction, couldn't it? One of the Taylor hooks is that a party can consent to jurisdiction and consent to be bound. So if the trustee here consented to it, by way of example, if the Mundells had had her sign the settlement or had her somehow manifest agreement with being made a party, then we'd have a very different situation. But that didn't happen. Didn't the lawyer in New York, Mr. Piscarini, say that he represented Timothy Lawrence and Jeffrey in proceedings before the judge in New York? I think there's some indication that he had a role with Lawrence, but that is different than Caroline Harris, and that is different than the trial. And I think an important distinction here is, of course, the trust. What is a trust? The trust is a legal entity with different beneficiaries. This is perhaps the most important point, that the beneficiary of the trust, of the Heinemann trust, is Marlene Heinemann. The Mundells kind of sweep this away and say, well, she's progeny of the Harris family. But we can't, you know, that leads to another leap that they're trying to extend this argument to say it's sufficient that it's progeny. And so the question is not how Lawrence was affected or how Timothy was affected. It's how is the beneficiary of the trust. Can I ask you, was there any discovery in the district court  No, it was on a motion to dismiss. So there was no discovery before the motion to dismiss. Not that I'm aware of. All right. And nothing in the New York court that would have fleshed out how or why Lawrence was in a position to deliver these promissory notes to the accountant. Is that right? None that I'm aware of. And I think that's a burden that the Mundell trust bears. I mean, here's where the error, I think, is found. If the Mundell trust wanted the Heinemann trust to be part of this action, they needed to name them. And they needed to serve them. There are a variety of ways that we're all familiar with it. They didn't take those steps. And because they didn't take those steps, they failed to distinguish between different entities. They used the term Harris family 69 times in the brief. And they talk about the parties agreeing to a settlement agreement. The parties agreed to a settlement agreement. That is very different than the Heinemann trust agreeing to it. And under the principle of Taylor, we can look at the narrow exceptions. The narrow exceptions are not, I think the district court used a broad concept, say it's an implied relationship. Taylor's bill that implied relationship, that's a virtual representation. And they say virtual representation is not enough. That's all below constitutional due process standards. The kinds of relationships that are sufficient to bind a party are of the fiduciary. They call out class actors. They call out trustees. And they say, quote, other fiduciary. But it's not enough just that Caroline had some connection to the New York action. And, you know, the rule that the Mundells would have in court of God seems to be, if you're somewhere around a little bit, some involvement somehow, some way, the family is bound and the progeny of the family is bound. That's inconsistent with due process standards. Well, counsel, I mean, I agree that there's a, in my view, there's a problem with the way the district court decided this on a rule 12 motion. But given what I've reviewed in the record, I think that there could be factual findings, which in this case could support your client being bound for any of the allowable ways of being bound as established by New York law that are consistent with due process. But you're not arguing that they don't get to go back and try, right? No, this should be remand. And it is possible. We're also not asking for a finding that the Mundell trust is bound by the notes or has to pay the notes. All we're asking for is a day in court. And what would you do with the day in court with the primary focus of the day in court? Be to show that Caroline and the Heinemann trust were not in privity with anybody before the courts in New York. Is that the primary focus of your day in court, your trial or yours or your discovery? I don't know that privity is, in fact, the correct standard. I think the Supreme, excuse me, the district court read privity too broadly because it was basing it on virtual representation. There would be two arguments. One is that that the Heinemann trust does not fit within the narrow exceptions of Taylor. There is no fiduciary relationship that Timothy or Lawrence had to the Heinemann trust. And there was none of the other recognized exceptions that would mean that the Heinemann trust, the Heinemann trust beneficiary. So I feel like my time is up. I'll reserve the remainder of the time. Thank you, counsel. We'll hear from opposing counsel. Your Honor, may I please report? My name is Anthony Weiss and I represent David Mundell, who is one of the co-trustees of the August E. Mundell Trust. Your Honor, as you know, in this action, Carolyn Harris, who has the capacity as trustee of the Harris Trust, seeks to undo the settlement of the assets of the trust that we're referring to as 1988 Trust, relitigate issues determined in the accounting and arbitration procedure, stretched out over many years and were eventually reduced to judgment by the New York State Court. Despite the tortured history of this matter, the facts that matter on the courts, the courts moving below are actually reasonably straightforward. First off, we know that this matter has been strenuously litigated. The dispute has existed in the courts of New York since either 2005 or 2007, depending on when you start counting. We know that that dispute fundamentally related to the estate plans of two New York residents and a New York trust that they created in order to manage their assets and distribute them after death to their heirs or progeny. The appellate, I just want to note, the appellate rejects the terms Harris family and Mundell family, but Joan and August apparently did not. In fact, it's important to know that their family was a blended family. David Mundell, my client, is August's son and Joan was his stepmom. Timothy Lawrence and Jeffrey Harris are Joan's children by previous marriage. August and Joan were therefore very careful to set up the 1988 Trust so there would always be two co-trustees. Counsel, to get to the heart of my problem with what the district court did, how is it that there, as a matter of law, no facts at issue, notwithstanding Ms. Harris's declaration, that one of the exceptions for allowing privity, one of the ways of allowing privity under whether you look at New York law or the Supreme Court case, how is it that there are no disputed issues of that? She put in a declaration, maybe it's not true, maybe it would get rejected, but she puts in the trust wasn't a party, didn't have a lawyer, didn't authorize anybody, Mr. Pasionere, I'm maybe mispronouncing his name, didn't represent me, didn't represent the trust, was never engaged, I haven't spoken to him except exchanging pleasantries. We weren't even aware that this judgment was sought. I mean, how can there be a finding on a 12b motion of privity when Ms. Harris is disputing these particular facts? What specific undisputed facts establish that she is bound as the trustee? Well, let's break that down a little bit, Your Honor. First off, I mean, I think in any situation where a rescue plan is fled, a party may come back and say, no, never mind, I dispute this fact or that fact. I think what's important is what actually happened in the New York courts. And so that cuts to your, I think the more important question is, what evidence do we have from the proceedings in New York that would show that Carolyn is bound to this judgment and bound the trust? Looking at the facts in the light most favorable to the non-moving party. Tell me what those facts are. Looking at them in the light most favorable to the trustee that shows she's bound. I'm not quarreling with your view at this point that these matters were determined, although the arbitrator's judgment on this is a little bit less than clear to me. But I'm going to assume that these were determined, that the family gets credit for these notes. What facts in the light most favorable to the plaintiff demonstrates that the trustee was incriminated? Sure. So, and this really goes to Judge Jones' analysis. He identifies, I think it was four, at least four factors. The ones that Judge Jones identified in his ruling were number one, that Lawrence Harris, who's Carolyn's husband, was actively involved in the New York lawsuit. And New York law specifically says, husband, wife, that doesn't make you incriminated. So go on. Okay. And I, yes, you're on. Number two, Judge Jones noted that Lawrence Harris had provided information to assist with the accounting of the assets, liabilities, and expenses. Number three, Judge Jones focused on the fact that the information specifically included in accounting. And number four, he also focused on the fact that Timothy Harris had acted as a representative of the Harris family writ large. And this, I think this goes to the issue about the counsel, Mr. Piccioneri. And this would also be a good time to just be clear that we believe, of course, that Judge Jones ruled correctly. But we do have another fundamental concern about the fact that this litigation is here in this court. We believe that these are issues that are better handled in the New York court. And in fact- I'm sorry. What issue do you think is better handled in the New York court? Well, to the extent that the Carolyn Harris and the trust have a complaint about the amount of due process they received, they ought to have raised that issue in the form of a motion to vacate the judgment in New York. But Carolyn Harris and the Hyneman Trust were not parties in the New York action, right? Yes, you're right, Your Honor. They were not parties. And that actually is not- You've heard from, you know, Mr. Freel a lot about that. But it goes to one of the, I'll call it procedural oddities or realities of this case, which is that this case was litigated for approximately three years. The complaint was not amended, to my knowledge. But the parties ultimately reached a resolution. However, that resolution, that settlement that was read into the record, was a bit broader than the claims that were actually stated in the Mundell's actual complaint. And so I think that's the reason why perhaps the Harris Trust was not served with processing in the first place. Are we talking about the Harris Trust or the Hyneman Trust? The Hyneman Trust. Okay, so, I mean, assuming that the law is that just because your spouse is involved in litigation or aware of litigation or provided information with respect to litigation, it doesn't bind you, the spouse. And assuming that she is a trustee for someone who's a stranger to the New York litigation, Mrs. Hyneman, through the Hyneman Trust, how are those notes and the plaintiff appellant here in any way served by a motion to dismiss in federal court without any opportunity for discovery and possibly a trial? What's the process? I think, again, I think Judge Jones was correct in his assessment, but assuming that's the court's concern, I think that would honestly get to the abstention argument. The same issue is currently being litigated in the New York courts. I'm sorry, what exact same issue is being litigated in the New York courts? So Lawrence Harris has pending in the New York courts a motion to vacate the amended judgments. Is the Harris Hyneman Trust a party right now through their trustee to any litigation in the New York courts? They're not, it's my knowledge. Then how do you get to abstention? That's a non-starter, isn't it? I don't, well, I'm not sure I understand, Your Honor. I think because there's no pending litigation involving the Hyneman Harris Trust in New York. Right. If we had a situation where the Hyneman Trust was a party, and we could say that the litigation in New York might resolve a pending issue, i.e., the Hyneman Trust entitlement to payment, that would be one thing. But I don't see that here. You know, at the top of this argument, what I said, I have a lot of sympathy with the district court here. I'm a former state court judge. State court judges, I've seen a lot of really tragic family feuds that have, forgive me for referring to it that way, that have played out where they've taken years and years and years. They've destroyed relationships and consumed the estate in the wrangling. So I don't know if you all have talked about or explored the opportunity to engage our very excellent mediation service at the Ninth Circuit. You are welcome to do so. And I want to encourage you to think about that. Because these questions are not, you've heard it from all three of us. How do we get to res judicata here? Right. And how do we get to abstention? What's your best shot at either one of those? I don't think I heard your answer. Maybe we didn't let you answer, counsel. But what's your best shot at privity sufficient to affirm a res judicata ruling here? Sure. Well, it's the four factors I already mentioned that Judge Jones pointed to. There also clearly is a common interest, and recognizing New York law about spouses, there's clearly a common interest here in maximizing the recovery for the heir's family writ large. And again, I know there's objections to the broad stroke phrase heir's family. But that is precisely the phrase that was used in the New York court hundreds of times perhaps in the opinion. So there's also the fact that can't be ignored that the Hyman-Harris trust was specifically read. I mean, in the settlement, it was read on the record in the New York court. But that only counts if Carolyn or the Hyman trust is there as a party and participating. So it doesn't matter. They can read anything they want into the record. If she's not present, and I don't mean literally physically present, but if she's not in the game, if she's not a party, how is she bound, counsel? Well, that's the whole point. I think the record is sufficient to show that the trust was in the game. Now, again, because of the way this occurred out of a settlement rather than out of a court proceeding, and I recognize it's unfortunate that we've gone through 16 years of litigation. If we go back in time machine, which, of course, we cannot, and have that written settlement agreement, that may have provided some clarity. What we have are the representations of counsel and parties for Timothy Harris and perhaps Lawrence Harris and his brothers representing the New York court. This is going to be a global settlement and involves an accounting of the Hyman-Harris trust. And counsel, maybe if you don't win this appeal and there's discovery, maybe if he's still alive, Mr. Picioner will testify, yeah, I did talk to Carolyn. And she said, go ahead. You're representing my interests. Maybe you'll be able to get testimony that suggests that, in fact, she was controlling or funding the litigation or she agreed in some way to be bound, but none of that is in the record. Your Honor, I would have to agree that Kaplan's determinations were less than concise. They were plainly written by an accountant rather than a lawyer or a judge. With that said, I think that even accepting Taylor's governing law, which I do, I think privity is not quite that constrained when you look at the circumstances of a situation like you had here. Again, keep in mind, Carolyn was supposedly taking out loans from the 1988 trust, but she communicated only with Timothy Harris, that co-trustee. I mean, she was only a part of that. We also know in the record that it's the Harris side that actually has the funds, yet she has not been brought against them either. So I understand that's not really right for adjudication today. And counsel, I mean, just looking at these promissory notes, these quote-unquote promissory notes, you might have fabulous defenses on the merits as to why they're not enforceable. You might even have a 12-B or a summary judgment motion as to why they just lose on the merits. And I share a lot of sympathy with your client's equitable position, but like Judge Cristin, I feel this case is like turning into JARNDIS versus JARNDIS and is only going to end when all the assets go to the lawyers or others. And if you do lose this appeal, I urge all of you to focus on preserving these assets. I couldn't agree with that part of the moor, Your Honor. Anything further, counsel? No, Your Honor. I see that I'm basically out of time. Thank you. Thank you, and thank you for your patience. Counsel, do you wish to use any of your rebuttal time? I do, Your Honor. Then go right ahead, please. Counsel for the Mundells started his argument with the concept that behind them in trust is an undue settlement. The problem with that argument is the very problem with their entire position. Behind them in trust is not and never was a party to the settlement. We understand. We understand that part of your argument. Yeah, and so therefore it's insufficient to say the Harris family writ large, referred to multiple times, is binding for the reasons set forth in Taylor. And I'll just end with the final point. The Taylor file is not only a sufficient legal relationship. It says that at a minimum, at a minimum, representation of a non-party is appropriate. If the interest of the non-party and her representative are aligned, and either the party undertook herself to be acting in a representative capacity, or the original court took care to protect the interest of the non-party. And to judge Christensen's question, it is the case that Lawrence Harris had some involvement with the counsel. But there is no evidence, and in fact it is put in the record, evidence that he did not understand himself to be a representative of the hind of the trust. Therefore, res judicata cannot apply in New York. Absolutely. I don't have any further comments unless I'm asked a question. I don't believe there are any further questions from the panel. No, there are not. I'll just leave you again with an invitation and encouragement to not hesitate to make use of the Ninth Circuit's excellent mediators. And we'll take this matter under advisement and move on to the next case on the calendar. Our final case today is case number 20-35393. 35393. It's the Corrigan case.
judges: Christen, Friedman, Bennett